IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK BARCLAY | ) CASE NO. 1:09CV1666 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| OFFICER BATTLE | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendant. | ) |

Plaintiff *pro se* Mark Barclay, an inmate at the Mansfield Correctional Institution located in Mansfield, Ohio, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendant Officer Battle. He alleges claims for violation of his First, Fourth, Eighth and Fourteenth Amendments as well as state claims for violation of the Ohio Constitution, intentional infliction of emotional distress, negligent infliction of emotional distress and libel and slander.

The following facts were taken from Plaintiff's complaint. On April 24, 2009, he was locked in his cell due to a fight. Defendant came to the cell door to check his and his cellmate's hands and body for fight marks. Afterwards Defendant told Plaintiff that he knew that Plaintiff had sworn out an affidavit for another inmate and that he should mind his own business and not be a snitch like the other inmate. When Plaintiff objected to Defendant's statement, Defendant said that Plaintiff would now be on his "Snitch List." Defendant then walked away saying, "I'll deal with you snitch." Subsequently, Plaintiff filed a grievance wherein he stated that Defendant violated prison rules concerning inappropriate supervision and retaliation. He asserts that he is not happy with the course of action taken by prison officials and would like to have more serious action taken since the shift

captain admitted that Defendant violated the regulations contained in his grievance. However, he later states that his grievance was denied for insufficient evidence.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff's grievance asserting that the Defendant placed him on a snitch list was frivolous. He has not alleged any serious injury resulting from Defendant's alleged conduct. There has been no adverse action taken because he filed a grievance. Apparently, he was placed on the snitch list in retaliation for helping another inmate. This case appears to be nothing more than an appeal from the prison officials' denial of his grievance.

A plaintiff can establish a claim of retaliation by showing that he was engaged in protected conduct, that a defendant took an action against him sufficient to deter such conduct, and that his protected conduct was the motivating factor for defendant's action. *Ziegler v. State of Michigan*, 90 Fed.Appx. 808, 810 (6th Cir. 2004) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Filing a frivolous prison grievance is not protected conduct. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000). *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (filing a frivolous grievance is not protected conduct). Furthermore, Plaintiff's allegations fail to show that he was deprived of

2

any other constitutionally protected interest, or that the Defendant acted with deliberate indifference to his health or safety. *Dayse v. Doe*, 174 Fed. Appx. 819, 819-820 (5th Cir. 2006).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff has included in his complaint state claims for violation of the Ohio Constitution, intentional infliction of emotional distress, negligent infliction of emotional distress and libel and slander. When federal claims against the defendant are dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Since the Court has granted judgment on the federal claim, the state pendent claims are hereby dismissed pursuant to 28 U.S.C. § 1367(c)(3). *Id*.

IT IS SO ORDERED.

Date: November 25, 2009

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

3